DAMAGES—PERSONAL INJURIES—INADEQUATE DAMAGES.

Where plaintiff in an action for injuries appeared to have suffered some pain and interruption of his work, a verdict giving only the amount of his doctor's bill was inadequate.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 370.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Alfred N. De Yaulus against the new York City Railway Company.   From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Charles S. Rosenthal, for appellant.

William E. Weaver, for respondent.

SCOTT, P. J.   The plaintiff certainly showed a disposition, both in his complaint and in his testimony, to overstate his injuries and his damages.   Notwithstanding this, he undoubtedly suffered some pain and some interruption of his capacity to work.   To give him only the amount of his doctor's bill was to allow nothing for the elements of damage referred to, and was inadequate.   If he was entitled to anything (and the defendant concedes liability for the results of the accident), he was entitled to something more than was awarded him.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.

---

### FRIEDMAN et al. v. BINDSEIL et al.

(Supreme Court, Appellate Term.   February 27, 1906.)

EVIDENCE—RELEVANCY.

Where there was no evidence that certain skins in question had been treated with soda, and defendants admitted that some of the skins had been injured in the dyeing, it was error to admit evidence of one of the defendants as to the possible effect on the skins of the use of soda by the dresser.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Bernat Friedman and others against Herman F. Bindseil and another.   From a Municipal Court judgment in favor of defendants, plaintiffs appeal.   Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Sidney L. Josephthal, for appellants.

B. Gerson Oppenheim, for respondents.

SCOTT, P. J. It was clearly erroneous to have admitted in the first place, and to have refused to strike out in the second place, the evidence of one of the defendants as to the possible effect upon the skins by the use of soda by the dresser. There is not the slightest evidence of such use, and in the light of defendants' apparent admission by letter, that some of the skins had been injured in the dyeing, we cannot say that the jury were uninfluenced by the incompetent testimony.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.